**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KAUA DA CRUZ QUEIROZ, | : | |
| Petitioner, | : | No. 2:26-cv-4668 |
| | : | |
| vs. | : | |
| | : | |
| J.L. JAMISON, BRIAN MCSHANE, | : | |
| MARKWAYNE MULLIN, TODD | : | |
| BLANCHE, U.S. DEPTMENT OF | : | |
| HOMELAND SECURITY, EXECUTIVE | : | |
| OFFICE FOR IMMIGRATION REVIEW, | : | |
| Respondents. | : | |
| | : | |

**ORDER**

**AND NOW**, this 9th day of July 2026, upon consideration of the Petition for Writ of

Habeas Corpus (Petitioner, ECF No. 1), and the Government's Response in Opposition to Petition

for Writ of Habeas Corpus (ECF No. 5), it is hereby **ORDERED** that the Petition is **GRANTED**

as follows.

1.    Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.    The Government shall **RELEASE** Petitioner from custody immediately and

certify compliance with the Court's Order by filing an entry on the docket no later than **5:00**

**p.m. ET on July 10, 2026**;

3.    If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C.

§ 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his

request, where an Immigration Judge shall determine whether detention is warranted pending the

resolution of his removal proceedings;

4.    If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C.

§ 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of

Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the

Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed.  Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner; and

5.    The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

BY THE COURT:

*/s/ John Milton Younge*
**JOHN M. YOUNGE, J.**

---

[1]  Petitioner, Kaua da Cruz Queiroz, is a noncitizen who has been in immigration detention since July 2, 2026. (Petition for Writ of Habeas Corpus ¶ 2, ECF No. 1.)  On or about January 31, 2024, Petitioner entered the country at the southern United States-Mexico border by presenting himself to the Department of Homeland Security ("DHS"). (*Id.*) Shortly thereafter, Petitioner was placed into removal proceedings and released. (*Id*.) Petitioner has established substantial ties to the Philadelphia by maintaining a residence and steady employment since 2024. (*Id.*) Petitioner also alleges that he has no criminal record in the United States or in Brazil and has complied with all requirements imposed by immigration authorities. (*Id.*) On July 2, 2026, Petitioner was taken into custody by DHS while traveling to work. (*Id.*) Currently, Petitioner is being held at the Philadelphia Federal Detention Center. He is scheduled to appear before the Immigration Court on July 23, 2026. (*Id.*)

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who have already been present in the country for a number of years. The Government candidly acknowledges that the substantial weight of district court authority rejects its argument to the contrary.  (Response in Opposition pages 3, 6 (referencing the more than 250 decisions in this district that have rejected the Government's position).)

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue.  *See e.g.*, *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243, * 4 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, *16 n.7 (W.D. Pa. October 23, 2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, *3 (M.D. Pa. November 1, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025).  The Petition is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus

making his detention without the opportunity for a bail hearing unlawful. The out-of-circuit appeals decisions adopting the Government' position are unpersuasive to this Court. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).